IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOE R. WILKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. _____ |
| | § | |
| BOOMERANG TUBE LLC | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Plaintiff, Joe R. Wilkerson, and brings this Original Complaint as follows:

**A.  PARTIES**

1.  Plaintiff, Joe R. Wilkerson, is an individual who is currently a resident of the State of Texas.

2.  Defendant, Boomerang Tube LLC, [hereinafter "Defendant" or "Boomerang"] is a foreign Limited Liability Company incorporated under the laws of the State of Delaware, registered to do business in Texas, and currently has its principal place of business in Chesterfield, Missouri. Defendant may be served with process by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

**B.  JURISDICTION**

3.  This Court has federal-question jurisdiction over this action because it arises under the Constitution, laws or Treaties of the United States, i.e., the Americans with Disabilities Act.

**C.  VENUE**

4.  Venue is proper in this district under 28 U.S.C. §1391(b) because the Defendant resides in this judicial district and a substantial part of the events and omissions giving rise to the

claim occurred in this district. Venue is also proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of right to sue is attached as Exhibit A. *See 42 U.S.C. §2000e-5(f)(1).*

### E. AMERICANS WITH DISABILITIES ACT

6.     Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). *See 42 U.S.C. §§12102, 12111 (8).* On December 13, 2010, Plaintiff sustained an on-the-job injury to his left hand due to faulty equipment. Plaintiff's physician requested he be placed on light duty but Defendant refused to accommodate the request. On December 17, 2010, Plaintiff, while continuing to work despite the request for light duty, sustained a more serious injury to his right hand. Plaintiff was otherwise qualified to perform the essential functions of his job as a machine operator.

7.     Plaintiff is an employee within the meaning of the ADA. *See 42 U.S.C. §12111(4).*

8.     Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of his disability. Defendant assigned Plaintiff tasks that he could not perform due to his disability. Defendant terminated Plaintiff for being "insubordinate" when in fact Plaintiff had requested to modify the way he performed his tasks because of his injury, and such request was refused. Defendant also refused to reassign Plaintiff to a vacant position.

9.     After Plaintiff engaged in protected activity under the ADA, the Defendant retaliated

against him.  Defendant took an adverse employment action against the Plaintiff because of his engagement in protected activity under the ADA.

### F. DAMAGES

10. Plaintiff realleges and reasserts paragraphs 1 through 9.

11. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was discharged from employment with Defendant.  Although Plaintiff has diligently sought other employment, he has been unable to find a job.  In addition, Plaintiff has incurred expenses in seeking other employment.

   b. Plaintiff suffered mental anguish and emotional distress.

   c. Plaintiff suffered physical injuries because the Defendant's failure to accommodate his request for a change in job duties caused additional and permanent injuries to his right hand.

### G. ATTORNEY FEES

12. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 42 U.S.C. §12205.

### H. PLAINTIFF'S DEMAND FOR JURY TRIAL

13. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### I. PRAYER

14. For these reasons, Plaintiff asks for judgment against Defendant for the following:

a. Awarding the Plaintiff his actual damages including back pay, front pay, compensatory damages, and punitive damages.  In the alternative to front pay, Plaintiff seeks reinstatement to his position as an employee with Defendant.

b. Awarding the Plaintiff pre- and post- judgment interest as allowed by law.

c. Awarding the Plaintiff costs and expenses, including reasonable attorneys' fees and expert fees, and for such other relief, equitable, special or general, to which he is justly entitled.

d. All other relief the Court deems appropriate.

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP.

/s/ Robert J. Filteau

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
2626 South Loop West, Suite 426
Houston, Texas  77054
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY FOR PLAINTIFF
**JOE R. WILKERSON**